FILED
JUL 2 5 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**Pranav Pothineni**
and
**Venkateshwar Rao Prasanna Ganta,** individually and on behalf of all others similarly situated,
**Plaintiffs.**

v.
**Pavan Varenya Chagarlamudi**
and
**Blanca Aguilar,**
**Defendants.**

Civil Action No. 4:25cv800
Mazzant/Davis

---

**CLASS ACTION COMPLAINT**

Plaintiffs **Pranav Pothineni** and **Venkateshwar Rao Prasanna Ganta** ("Plaintiffs"), individually and on behalf of all others similarly situated, brings this action against Defendants **Pavan Varenya Chagarlamudi** and **Blanca Aguilar**, and alleges as follows:

---

## I. NATURE OF THE ACTION

1. This is a class action lawsuit arising out of a fraudulent cryptocurrency investment scheme orchestrated by Defendants.
2. Defendants knowingly misrepresented the nature, risk, and legality of the investment to induce Plaintiffs and numerous others to contribute significant funds. As a result, Plaintiff and class members suffered substantial financial harm.

---

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under:
   - **28 U.S.C. § 1331** (Federal Question),
   - **28 U.S.C. § 1332(d)** (Class Action Fairness Act), and
   - **15 U.S.C. § 78aa** (Securities Exchange Act).

2. Venue is proper in the **Eastern District of Texas, Sherman Division**, under **28 U.S.C. § 1391(b)** and **15 U.S.C. § 78aa**, because **Defendant resides in, conducts substantial business in, and a substantial part of the acts or omissions giving rise to the claims occurred in Collin County, Texas**, which lies within this District and Division.

---

## III. PARTIES

4. **Plaintiff [Venkateshwar Rao Prasanna Ganta]** resides in [San Diego, California] and invested [$130,000] and **Plaintiff [Pranav Pothineni]** a resident of [Grapevine, Texas] invested [$290,000] based on Defendant's misrepresentations.

5. Additional class members are individuals from multiple states [Illinois, Missouri, Texas] who were similarly defrauded.

6. **Defendant [Pavan Varenya Chagarlamudi Chowdary]** is believed to reside in [Texas/Florida] and fraudulently presented himself as a crypto investment manager and LLC representative.

7. **Defendant [Blanca Aguilar]** believed to reside in [Texas and/or Florida], aided the primary defendant in executing the fraudulent scheme. Upon information and belief, the defendant knowingly assisted in deceiving victims and furthering the unlawful activities central to this case.

---

## IV. FACTUAL BACKGROUND

1. Beginning in or around May 2023, Defendant solicited investments via emails, calls, WhatsApp, Facebook messenger, claiming to offer high-return crypto investment opportunities.

2. Defendant falsely claimed to represent or operate through **ProsperEntrust & LLC**, signing investment agreements on its behalf without authorization. In fact, one of the LLCs used was owned by **Plaintiff Pothineni**, and Defendants exploited this to defraud other investors.

3. Defendants received cryptocurrency and wire transfers totaling over **$1,000,000**, then **converted the funds** for personal use.

4. Public court records show **Defendant Chagarlamudi** is a named party in a prior Collin County civil fraud action: ***Case # 471-01489-2024***

   *"Sunil Kumar Pithani, Satya Raja Sekhar Kakumanu, Sai Krishna Soma, Somi Reddy Bandi, Venkata Rakesh Pachawa, Raja S. Ande v. Goofy Turtle Global Ltd. Co., LLC d/b/a Goofy Turtle Global LTD. CO.; Goofy Turtle Corp.; Encryptions LLC; American Nanotech Global Corp.;*

*VRLocal Global Corp. d/b/a VRLocal USA; Porodicaa LLC; TekVivid, Inc.;* ***Pavan Varenya Chagarlamudi a/k/a Varenya Chowdary****; Abhijith Pandhem; Chakradhar Bandla; Sai Abhishek Rayarao; and Ravali Aleti"*

5. Defendants targeted working-class non-immigrants with promises of financial gain and EB-5 visa eligibility, further heightening the predatory nature of the scheme.

---

## V. CLASS ACTION ALLEGATIONS

1. Plaintiff brings this action under **Federal Rule of Civil Procedure 23** on behalf of all persons who invested in the fraudulent scheme promoted by Defendant.
2. The proposed class is so numerous that joinder is impracticable. Plaintiff is aware of at least 13 individuals, with many more expected to be identified through discovery.
3. Common questions of law and fact include:
   - Whether Defendant knowingly misrepresented material facts;
   - Whether Defendant unlawfully converted investor funds;
   - Whether Defendant violated federal securities laws;
   - The appropriate measure of damages and restitution.
4. Plaintiff's claims are typical of the class. Defendant's conduct affected all class members in a similar manner.
5. Plaintiff will fairly and adequately protect the class and has retained experienced class action counsel.
6. A class action is superior to individual actions for fair and efficient adjudication of this controversy.

---

## VI. CLAIMS FOR RELIEF

### Count 1 – Fraud and Misrepresentation

1. Defendant made material false statements with the intent to induce investment.
2. Plaintiff and the class justifiably relied and suffered damages as a result.

**Count 2 – Unjust Enrichment**

3. Defendant received and retained funds under false pretenses.
4. Equity demands restitution.

**Count 3 – Civil Conspiracy**

5. Defendant acted in concert with others to defraud Plaintiff and class members.
6. There was a meeting of the minds to commit unlawful acts.

**Count 4 – Violations of the Securities Act of 1933 & Exchange Act of 1934**

7. Defendant offered and sold unregistered securities.
8. The investments constitute "securities" under the Howey test.
9. Defendant's conduct violated Section 5 of the Securities Act and Section 10(b)/Rule 10b-5 of the Exchange Act.

---

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

a. Certify the class under Rule 23;
b. Consolidate related cases under Rule 42(a);
c. Issue an injunction preventing Defendant from opening or using new financial accounts during this litigation;
d. Freeze Defendant's assets to preserve recovery for class members;
e. Restrict Defendant from transferring assets or leaving the jurisdiction;
f. Award compensatory damages to be proven at trial;
g. Order restitution and disgorgement of unjust profits;
h. Award attorneys' fees and costs;
i. Allow class-wide notice to reach additional victims;
j. Grant such other and further relief as the Court deems just and proper.

---

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

---

**Respectfully submitted,**

Venkateshwar Rao Prasanna Ganta
10950 Brooke Dr, Apt 51418
San Diego, CA, 92126
617-803-1257
Pg.connect11@gmail.com
Pro Se Plaintiff
Date: 21Jul2025

Pranav Pothineni
3701 Grapevine Mills Parkway, Apt 1523
Grapevine, TX 76051
201-888-9485
Ppranav888@gmail.com
Pro Se Plaintiff
Date: 21Jul2025

---

**Attachments Checklist**

- Civil Cover Sheet (JS 44)
- Summons (AO 440)
- Exhibit A: Investment Agreements
- Exhibit B: Proof of Payments (bank records)
- Exhibit C: Evidence of Misrepresentations (emails, messages)