## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **PRANAV POTHINENI,** *et al.* | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00800-ALM-BD** |
| | § | |
| **PAVAN VARENYA** | § | |
| **CHAGARLAMUDI,** *et al.* | § | |

### MEMORANDUM OPINION AND ORDER

Pro se plaintiffs Pranav Pothineni and Venkateshwar Rao Prasanna Ganta filed a putative class action against Pavan Varenya Chagarlamudi and Blanca Aguilar, alleging fraud, unjust enrichment, civil conspiracy, and violations of federal securities laws. Dkt. 1 at 3–4; *see* 28 U.S.C. §§ 1331, 1367; Dkt. 18 at 1–2 (describing the allegations in the original complaint). Aguilar moved to dismiss the complaint, Dkt. 7, and the court granted that motion but afforded the plaintiffs leave to amend, Dkts. 18, 21, 25, making the amended complaint, Dkt. 20, operative. Chagarlamudi has not appeared, *see* Dkt. 18 at 2, and the plaintiffs moved for a default judgment as to him, Dkt. 12. They also moved to extend their service deadline and to serve Chagarlamudi by electronic means. Dkt. 19.

The plaintiffs' motion for a default judgment will be dismissed as moot. Their service-related motion will be granted in part and denied in part.

### DISCUSSION

The filing of an amended complaint renders the prior complaint a legal nullity and moots a pending motion for default judgment. *U.S. Bank Nat'l Ass'n v. Harris*, No. 4:16-CV-00498-ALM-CAN, 2017 WL 10776031, at *1 (E.D. Tex. Sept. 29, 2017), *report and recommendation adopted*, 2017 WL 10776030 (E.D. Tex. Oct. 17, 2017). That principle applies to the plaintiffs' motion for a default judgment, which was filed before the amended complaint mooted the original complaint.

The plaintiffs' motion regarding service, however, remains live. It asks that the court extend the deadline to serve Chagarlamudi and either deem a previous service attempt successful or permit service on him via electronic means. Dkt. 19. Only the first of those requests is well taken.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court also has the inherent power to dismiss a complaint sua sponte for want of prosecution or failure to follow its orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962); *see also* Fed. R. Civ. P. 41(b).

A person within the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In Texas, when service is not properly completed in person or via registered or certified mail, a litigant may move for alternative service. Texas Rule 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
>> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>>
>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>>
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Since filing this lawsuit, the plaintiffs have attempted to serve Chagarlamudi through multiple process servers at various locations. Dkts. 6 at 7 (three attempts at one address); 19-1 at 1 (three attempts at another address). They have shown good cause to extend their deadline to effectuate service. *See* Fed. R. Civ. P. 4(m).

But the plaintiffs have not sufficiently shown that email is an appropriate means of service. Although they attached a sworn statement to their motion, as Rule 106(b) requires, they have not shown either that the email address they want to use for service has been recently used by Chagarlamudi, *see SEC v. Plummer*, No. 3:21-CV-2331-B, 2022 WL 1643958, at *2 (N.D. Tex. May 23, 2022), or that they sent "test emails" to see if messages sent to that address would "bounce[] back" as undeliverable, *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022). Instead, the plaintiffs provide an email for Chagarlamudi that they say was "previously used and confirmed." Dkt. 19 at 3. But the plaintiffs acknowledge that they have "[a]ttempted prior email contact without response." *Id.* As such, it is not clear that use of that email address for service would be reasonably effective to give Chagarlamudi notice of the suit. If the plaintiffs can demonstrate that email service would be reasonably effective, they may re-urge their request through a new motion.

The plaintiffs also ask the court to deem a previous service attempt sufficient. *Id.* They explain that they tried to personally serve Chagarlamudi at what they believed was his residence. *Id.* at 1–2. But they later realized that they could not personally effect service and therefore filed the current motion. As the plaintiffs are now aware, they cannot personally serve Chagarlamudi, Fed. R. Civ. P. 4(c)(2) (providing that "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint" (emphasis added)), and the court will not retroactively authorize their attempt to do so, *see Crotts v. Freedom Mortg. Corp.*, No. 4:23-cv-04828, 2024 WL 3938926, at *10 (S.D. Tex. Aug. 6, 2024) (declining to retroactively authorize a prior service attempt that did not comply with Texas law), *report and recommendation adopted*, 2024 WL 3939585 (S.D. Tex. Aug. 26, 2024).

## CONCLUSION

It is **ORDERED** that:

1) the motion for default judgment, Dkt. 12, is **DISMISSED** as moot;

2) the motion for alternative service, Dkt. 19, is **GRANTED** to the extent it seeks additional time to effect service and otherwise **DENIED**;

3) the plaintiffs' deadline to serve Chagarlamudi is extended to 45 days from the date this order is docketed;

4) any further motion to serve Chagarlamudi by email must not only include the sworn statement that Rule 106(b) requires but must also attach evidence that the email address to be used for service is active, such that its use would be reasonably effective to give Chagarlamudi notice of the suit.

So **ORDERED** and **SIGNED** this 11th day of June, 2026.

_____

Bill Davis
United States Magistrate Judge